### DAVIS v. QUINN.

(Supreme Court, Appellate Division, Second Department. December 24, 1915.)

1. WILLS ⬤=68—CONTRACT TO DEVISE—RIGHTS OF PARTIES.

Where the whole lot of a decedent, against whom plaintiff claimed under his contract to devise, descended to defendant, plaintiff, who put on record a deed of the front house on the premises, which was a cloud on defendant's title, thereby put on defendant the burden of vindicating her title by descent by showing that the deed was not made and delivered to plaintiff before decedent's death, and took from defendant a right to which she was entitled.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 178–182; Dec. Dig. ⬤=68.]

2. WILLS ⬤=66—CONTRACT TO DEVISE—TENDER OF PERFORMANCE.

Where decedent agreed that, if plaintiff would take care of him as long as he and his wife, plaintiff's mother, lived and pay him $500, he would make a deed of the place to her, to be delivered at his death, the execution of a deed to the front house of the premises bought with the proceeds of the original place was a tender of his obligation, purporting to measure the extent of it.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 173, 174; Dec. Dig. ⬤=66.]

3. WILLS ⬤=66—CONTRACT TO DEVISE—PERFORMANCE—RATIFICATION.

The plaintiff's acceptance of such deed, and her record of it in depreciation of the title of the decedent's daughter by descent, and her delivery of a deed of the rear lot to defendant, as intended by decedent, was a ratification of decedent's attempted performance of his agreement.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 173, 174; Dec. Dig. ⬤=66.]

4. WILLS ⬤=68—CONTRACT TO DEVISE—SUFFICIENCY OF EVIDENCE.

In a suit to declare decedent's deed of part of his property to his daughter void, as in violation of his contract to make a deed of the whole of it to plaintiff at his death, in consideration of his maintenance by plaintiff, evidence *held* not to show that decedent's deed to plaintiff of part of the premises was not what he agreed to do.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 206–220; Dec. Dig. ⬤=68.]

Appeal from Special Term, Suffolk County.

Action by Alice E. Davis against Mercy Amanda Quinn, with counterclaim by defendant. Judgment for plaintiff, and dismissing the counterclaim, and defendant appeals. Judgment, except in so far as it dismissed the counterclaim, reversed, and judgment entered for defendant upon findings to be settled.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

⬤=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Harry G. Stephens, of Easthampton (John R. Vunk, of Patchogue, with him on the brief), for appellant.

George H. Furman, of Patchogue, for respondent.

THOMAS, J.   The defendant is the daughter of Dart, deceased; the plaintiff is his stepdaughter.   Plaintiff's contention is that he agreed that, if she would take care of him as long as he and his wife, plaintiff's mother, lived and pay him $500, he would make a deed of the place to her to be delivered at his death; that she and her husband went to his house to live, and that she furnished the necessaries for the support of Dart and his wife for 14 years, paid the funeral expenses of the wife, and paid him $500, which he gave to the defendant; that the place was sold for $5,000, and a vacant lot bought, on which a front and rear house were built; that Dart paid $1,500 for the lot, contributed $1,800 towards the front house and about $1,-000 towards the rear house, in all some $4,300, while she contributed $666 towards the front house and $300 or $350 towards the rear house.

The plaintiff's husband testified in chief support of her contention. Osborne, a scrivener, testified that he at one time drew a deed of the new lot purporting to convey it to plaintiff, that Dart executed and acknowledged it, and took it with him.   It was not delivered; but at Dart's death there were found among his papers two deeds, one of the front lot to plaintiff, and one of the rear lot to defendant. The plaintiff recorded the first deed, and delivered the second to defendant, who was Dart's administrator.   This action is for judgment declaring the deed of the rear house void and that defendant execute a deed thereof to the plaintiff.

[1, 2] The whole lot descended to defendant; the plaintiff placed on record a deed of the front house that was a cloud on defendant's title; she placed the defendant in a situation where she would be obliged to assume the burden of vindicating her title by descent by showing that the deed was not made and delivered to plaintiff before Dart's death.   That took from defendant a right to which she was entitled.   Moreover, the execution by Dart of the deed of the front lot was a tender of performance of his obligation and purported to measure the extent of it.

[3] The plaintiff accepted the deed and recorded it in depreciation of the defendant's title by descent, and in harmony with the scope of Dart's act and intention.   She ratified what Dart had attempted to do—avert devolution of title in defendant and vest it in plaintiff. The plaintiff did more.   She delivered the deed of the rear lot to defendant.   That was what Dart intended her to do, and she did it. She now asserts that Dart's provision was a breach of an oral contract with her that he would deed the whole lot to her at his death. How that could be done does not appear.   But what he attempted to do was by her contention in violation of the alleged contract, yet she accepted performance, inconsistent as it was with her pretensions.

[4] She now comes to a court of equity to undo her acceptance by a finding that what Dart did was not what he agreed to do.   She bases her case largely upon the testimony of her husband, who in

fact furnished the consideration which she affirms entered into the contract, except the $500, which was borrowed on the note of herself, her husband, and Dart, and remains unpaid. It does appear that at some time Dart gave defendant $500, and, if it was the money borrowed on the note, the defendant as her next of kin may be constrained to pay it. The plaintiff shows that she supported the family. It could be more properly said she, through her husband, contributed to its support. She and her husband and two children were of the family and had their support in it. Dart maintained the garden, paid the taxes on both houses, but took the rents of the rear house. Plaintiff's husband furnished whatever money has been credited to the wife. Disregarding a possible tenure as tenant by the curtesy, his interest is vital; if he be not credited, all is lost to him, while nothing is lost to the wife, except through him.

Therefore I do not find the clear and convincing evidence that the law demands, in view of the election of the wife to accept the deeds as Dart executed them and her delivery to the appointed grantees. Osborne testified that at an indefinite time Dart executed a deed to plaintiff of the lot, but whether the houses had been started or finished does not appear. This item of evidence is not without its weight, but does not give sufficient potency to the husband's testimony. There is evidence of declarations by Dart. Such evidence, if competent, is of scant value.

The judgment, except so far as it dismisses the counterclaim, should be reversed, and judgment entered for the defendant upon findings to be settled, without costs of this appeal or of the action. All concur.